today's cases will be called as previously announced on time to be as a lot of the council the first case today is number 2 3-1 3 3 9 United States vs. urban Abreu at this time would counsel for the appellant please come to the podium and introduce himself on the record to begin good morning may it please the court my name is Joshua Solomon I'm appearing on behalf of you may thank you in a pre sentencing written decision the district court found that mr. Abreu was subject to a 25-year mandatory minimum sentence pursuant to 18 USC section 2251 e as relevant here that statutory provision imposes the 25-year mandatory minimum rather than the otherwise applicable 15 year mandatory minimum for his crime of conviction if the defendant has a prior conviction under a state law relating to sexual abuse or abusive sexual contact involving a minor the district courts holding that the mandatory minimum applied to mr. Abreu moved the bottom of his calculated guidelines range from 262 months to 300 months the statutory mandatory minimum the issue on this enticement statute general laws chapter 265 section 2060 in fact qualified as a prior conviction for purposes of that enhancement provision district courts application of the 25-year mandatory minimum depended on its finding that the district court was required to apply the so-called modified categorical approach rather than the traditional categorical approach when assessing whether the in fact both sides before the district court agreed that if the court had applied the traditional categorical approach the enhancement that the district court imposed could not have been imposed on on mr. Abreu and that's because it was undisputed that section 2060 the enticement statute covered conduct that went beyond what would be considered sexual abuse or abusive sexual conduct contact for federal sentencing purposes the modified categorical approach that the district court applied can I just ask you a question about that do the parties have an agreement as to why it's broader is is it just the residual force clause or is it other specific identified crimes is that did the parties agree on why it's broader there was no expressed agreement your honor as as I read the record below but the government the acknowledged to the district court that that it's believed that if traditional categorical approach applied the sentencing enhancement would not apply I'm not sure the government specified why that was its view and there was no express agreement between yeah okay it simply wasn't argued wasn't contested the the the modified categorical approach that the district court applied applies when the underlying statute of conviction is divisible which means it and the divisibility question arises when the when the underlying statute provides for alternative alternatives for how a defendant can be convicted under the statute and the divisibility question is answered that the answer turns on whether those alternatives are alternative means of satisfying a particular element of the statutory scheme or whether those alternatives are issue is a difficult one I think in this case and so it seems like there are some arguments on that support the position you're taking some arguments and support of the government but one of the things that struck me is that the model jury instructions for 2060 do really seem to support the government's position here in the in the district courts decision and they seem pretty good evidence of how Massachusetts understands this loss I was wondering if you could respond to that yes your honor and respectfully we review the instructions as pointing in the in the opposite direction the jury instructions do not say anywhere in them that the jury must unanimously agree on which of the enumerated crimes was intended in this court of course in United States B Starks has said that that's the most fundamental question in determining the visibility is whether a jury must be unanimous in finding which of the alternatives applies in other words if the jury need not be in unanimous it's the alternatives will be deemed means of committing an element if the jury need be unanimous then it's it's likely that that it's an element let me just ask you to expand on that because I'm looking at the jury instructions and they say hopefully we're reading the same thing they say to prove the third element of the offense the Commonwealth must prove beyond a reasonable doubt that by this enticement the defendant intended to commit the offense of blank I read that to say the jury has to agree on which particular offense of the listed offenses the defendant had to commit and there's no indication that they could reach different decisions on which offense that is so I'm just could you expand and why you view that differently yes sure I think that that blank in the model jury instructions in and of itself isn't telling because the blank could very well could very well it is in many cases filled in with multiple multiple intended offenses for example this would unite with Commonwealth be cooled held that's the case we primarily rely on as the courts aware for this statute not being that case is not precedential and it didn't rely on any other cases discussing 26 C it was it doesn't seem the strongest support for where and that either side has cited that actually addresses this question directly and in Massachusetts so so I agree with your honor that it didn't rely on another 26 C case it did rely on another case that did a similar analysis but it and while it's an unpublished decision it is the state appellate court the only state appellate court to squarely address the question that ultimately this question comes down to which is does a jury unanimously agree and it found expressly and and unambiguously that the jury need not unanimously agree on which among multiple proffered intended offenses the defendant actually intended so going back to the model jury instructions that your honor asked about it that blank may well be filled in by multiple by multiple statutes that we see that in case law quite frequently and never does it say that the jury needs to unanimously agree in fact the the instruction goes on to say that the judge must instruct the jury on the elements of the intended offenses while defining the offenses which otherwise would just be opaque statutory references if you just look at the statutes is necessary so that the jury can assess whether the conduct that the defendant intended specific means we proffers to satisfy the intent element whether that would in fact amount to one of the enumerated offenses and telling me the instructions in con in contrast to what they say about the elements of enticement quote the Commonwealth must prove three things beyond a reasonable doubt it does not say that with respect to the elements of the intended offenses and it does never says anywhere in the instructions that the jury must unanimously agree if there's more than one what are the three things that they have to be found beyond a reasonable doubt there is so that the model jury instructions say that the has to be a minor under under 16 that there was enticement with intent to commit one or more of the enumerated offenses it's three in the model jury instructions case laws for because they they break up enticement into different pieces but those are the three elements of the enticement crime and the government has has argued in several points in its brief that that the jury must also find beyond a reasonable doubt each of the elements of the intended crimes we don't see any support for that in the case law or the model jury instructions but I think for what would the logic be though in the in finding intent what would the logic be that says that you that you don't have to intend to commit the elements of the listed crimes look the jury doesn't have to find that reasonable doubt or with unanimity the the so the intent requirement is that the defendant intended to engage in conduct that would amount to those crimes and the oh I thought do you do you have the language right there on the intent instruction on the jury instruction itself I believe it's in the I'm sorry your honor I'm having difficult okay take your time coming to the exact document in the appendix intended to commit the offense of blank or intended that someone else commit the offense of blank that's right so what's the logic that says that I mean to commit the offense of you have to you have to be met I'm just trying to understand the logic of your argument well the defense court doesn't have to be committed it only has to be intended to be committed yeah I don't have to actually carry out and I believe the the Massachusetts legislature may well have concluded that if someone intends to engage in conduct that that code depending on how it played out be one of it's it's they're listed in the in the disjunctive in the statute that that could amount to the crime of enticement given that they're not requiring the actual commission of the intended crime only an intent to commit that that crime and that's essentially what fooled fooled held by by holding that that the that if some jurors believe that the intent the intended conduct would amount to the commission of one crime and some believed it would be it would amount to other that's still that's still the crime of enticement because it doesn't require the actual commission of the underlying crime and it essentially becomes just a means of committing of committing enticement not an element that a jury must find beyond a reasonable doubt and I get a return I understand that gold is an unpublished decision and the only decision but it is a mass appellate court decision that that speaks directly and and precisely to this issue and this court has held in Starks and the Supreme Court and Mathis that unless the law unless there's plain law pointing to divisibility then this court must assume or the sentence court must assume that the statute is not divisible so they so in essence actually apply when the state court as the back did here says that the decision is not presidential I don't know that do you have a case that says that no your honor but I but I believe I do not case that says that but but because the default is that in the absence of plain law for divisibility I think it's pretty self-evident if the max says don't rely on this why should a federal court disregard the state law yes yes right I I I believe that the that the the federal law shall answer the question yes go ahead I believe that the the federal law is that unless there is clear authority saying it is divisible the court should assume it is not and we don't have that here and the map says this is not clear don't rely on it thank you thank you your honor thank you thank you counsel at this time counsel for the appellee can introduce himself on the record please the court Mark Quinlivan on behalf of the United States the central decisions on the child enticement statute are the twin SJC decisions in Distler and Philopos and those decisions do make clear that the intended offense that a bit that the child enticement statute essentially encompasses the elements of the intended offense and the best example of that is that in Philopolis the SJC SJC said that when you're dealing with a strict liability crime like section 13 B or section 23 the government has to prove or the Commonwealth has to prove as an element of the crime of child enticement either that the victim was under 14 with respect to 13 B or under 16 with respect to section 23 and that's entirely consistent with the model instructions because they do set out that the intended offense is part of the third element that the Commonwealth must prove beyond a reasonable doubt and they also instruct the judge to instruct as to the elements of the intended offense. I point out as well that it's not just that the child enticement statute disjunctively sets out 18 separate intended offenses it also says or that the offense have the use or intended use of force so that is yet another example why this is indeed a divisible statute. Your honors have pointed out why for the decision my friend relies on in Gould is unpersuasive on this point it was an unpublished decision but more importantly it relied on the decisioner Okendo for in support of its conclusion that a specific unanimity instruction was not required and Okendo had nothing to do with the child enticement statute it involved a rape prosecution and the rape statute under Massachusetts is not akin to the child enticement statute because it doesn't disjunctively set out different crimes that as the child enticement statute does that a defendant must have intended to commit. Counsel what about the indictment here because as I mentioned to your opposing counsel there are some factors that favor divisibility and some that don't and the indictment seems to be in a format that the Supreme Court said is a very good indication that we're talking about alternative means rather than elements can you respond to that? Two points Judge Rickleman first we don't get to the quote-unquote peak at those documents unless basically the state law is unclear we think that it is clear if you do get to the peak admittedly that indictment I would say does point in the defendant's direction I don't think as we argued in our brief that it bears a whole lot of weight because Massachusetts courts have held that it's sufficient an indictment just to track the statutory language and that was done here so I think it's far more relevant what the model jury instructions are because that sets out how the Commonwealth or how a judge should instruct across all of the counties in the Commonwealth not just how a particular prosecutor or prosecuting office chose to indict in a particular case. I do want to just point out in contrast to just so it's clear that when we are talking about the unpublished decision in Gould you know there are unpublished decisions that are strongly in the government's favor Griswold in which the court said because there was a general verdict and two intended crimes were charged and the Commonwealth acknowledged that there was the conviction had to be vacated and similarly in Martins it was the opposite the judge in that case also it was a prosecution with two intended offenses the judge in that case did give a specific unanimity instruction and the defendant argued on appeal that a special verdict form was necessary and the court assumed that it was but said there was no error here because there's no argument that both intended offenses there was sufficient proof as to both. But Gould comes after those two decisions correct chronologically? It does Judge Rickleman but I point out that just in the nature of unpublished decisions you know the court is essentially saying we're just applying settled law and so I think in that sense you go back and you look Griswold and SJC made clear in Dissler and Filopoulos while you look at Gould and you see nothing outside of the in opposite citation of Okendo in support of that court's conclusion. Gould doesn't cite to Griswold? It does it does not cite to though it does cite some of the child enticement cases early on in the instruction was required the only case that cited is the appeals court's decision in Okendo. Can you tell me to your knowledge whether the government has argued to us before in any other cases that 2251e doesn't even contemplate a categorical approach in juxtaposition to the ACC or career offender and whether the government has argued that or not can you tell me why in in this situation given the language that Congress used we should let the parties march us down into that make-believe counterintuitive world that we find ourselves in? Judge Howard I don't off standing here today I don't know the answer as to whether or not the government has taken or has taken that position with respect to 2251e. If I find out I'll be happy to provide a letter to that effect. I will just add one final point on the divisibility there are in addition cases published decisions and we cited for example the LaPlante decision from the appeals court of Massachusetts where the reason that the conviction was overturned was because the element one of the elements of kidnapping was not proven and that just underscores the conclusion that the intended offenses the child enticement statute essentially encompasses the elements of the intended offenses. Can I ask you a question I'm not sure the parties brought it up but I'm just curious for your reaction. Did Judge Sarris when I read some of the record it seemed that she made it reasonably clear that she actually would have imposed the same sentence regardless of how the mandatory issue was resolved? Did I read that incorrectly I'm just curious how you take that? What I read Judge Sarris is saying is that so so my friend is correct the guideline range absent the 2251 E enhancement would have been 262 to 327 months so the 25 year mandatory minimum brought the floor up to 300 months and Judge Sarris said that she thought that the guideline range captured basically the defendants conduct and that she was going to sentence you know a sense above the floor. I will say we did look you know we did look to whether or not that was harmless I I think the government we we tried to you know pick and choose you know when we make that argument and and where it's crystal clear that the same sentence and you know we chose not to make that argument in this case given that the district court very well given that she was saying she was going above the floor may have done a different sentence with a different floor. Thank you. Judge Lynch do you have any questions? No thank you. Thank you we'll rest on a brief on the other issues. Thank you counsel at this time would counsel for the appellant please reintroduce himself on the record he has a three-minute rebuttal. Thank you again Joshua Solomon on behalf of the appellant I'd like to just respond to Judge Bickerman's question about what Judge Sarris said because I have the quotation in front of me she was certainly not encouraging about a different sentence but she left she did expressly leave open the possibility she said I might stick with the sentence even if that sentence were reversed but I don't want to give up the possibility because things happen in prison I don't know whether so I don't I think the appeal is important because it would clarify it but I don't want to leave false optimism. She went on said so I'm not precluding coming back to me I'm just simply saying I don't want there to be false hope and under this court's precedents such as United States being McGee unless it's absolutely clear that the sentence would be the same, Harm's error is not an appropriate approach. With regard to the Griswold case that my friend cited the Griswold Griswold found that a new trial was needed because the intent to commit one of the two enumerated offenses was not supported by the record there was no dispute that there was sufficient support for the other enumerated offenses. Griswold would be telling on this issue if it had held that there were sufficient for both but the general verdict required a new trial because you couldn't tell if the jury were unanimous on both but that's not what Griswold held it didn't need to reach that issue because it found there was not sufficient evidence for one so it sent it back for a for a new trial so nothing in Griswold suggests unanimity and to be clear our position is not that that proof will not change depending on which intended offense the government proffers it of course will because whether the conduct would constitute one of those crimes is a factual issue that a jury may need to decide to determine whether there was intent but that's just a question that still needs to open the question whether those factual differences are means or elements and the and what this court in the Supreme Court have said is jury unanimity is the key and we have no Massachusetts case law except for Gould and I understand the issues with Gould that we were discussed but we have no Massachusetts case law saying that jury unanimity is required and returning to the questions about the indictment and the Supreme Court in Matheson said it's as clear an indication as any if the indictment in the underlying case lists all of the statutory alternatives which is exactly what happened in this case. But what about the government's response which is that that's just sort of standard practice? With all due respect to counsel I think that's just wrong as a matter of Massachusetts law with Massachusetts case law said including Commonwealth v. Murphy which we cite in our brief our reply brief that happens all the time when these statutory alternatives are means not when they're elements in fact under the Massachusetts Declaration of Rights article 12 you have to adequately put the defendant on notice of which crime is being charged with and if these define separate crimes simply reciting all the alternatives wouldn't give that notice of which crime is charged with. Thank you. Thank you. Thank you counsel that concludes argument in this case.